IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Marcia Coleman, ) | |
| ) | C/A No. 1:09-0659-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

      Plaintiff Marcia Coleman brought this action to obtain judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's claims for supplemental security income, as well as disability insurance benefits. See 42 U.S.C. § 405(g). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Shiva V. Hodges. In a Report and Recommendation filed July 16, 2010, the Magistrate Judge recommended that the Commissioner's decision be affirmed. On August 11, 2010, Plaintiff filed objections to the Report and Recommendation, to which the Commissioner filed a reply on August 23, 2010. On September 17, 2010, the court issued an order in which it declined to adopt the Report and Recommendation in full. The court reversed the Commissioner's decision and remanded the case to the Commissioner for further administrative action. See 42 U.S.C. § 405(g).

      This matter now is before the court on Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, which motion was filed December 3, 2010 (ECF No. 25). Counsel moves for an attorney's fee in the amount of $11,988.64. On December 16, 2010, the Commissioner filed a response to Plaintiff's motion for attorney's fees. The Commissioner contended that the motion should be denied because the government's position was substantially justified. The

Commissioner further asserted that the court should not award fees for hours expended by attorneys Charles Martin and Perrie H. Naides because they are not licensed to practice in the District of South Carolina and have not been admitted pro hac vice in this case. The Commissioner also argued that the number of hours expended on this case and the hourly rate were unreasonable and should be reduced. See ECF No.28. Plaintiff filed a reply brief on December 29, 2010.

The court held its ruling in abeyance pending the Fourth Circuit's decision in Priestley v. Astrue, 651 F.3d 410 (4th Cir. 2011). In Priestley, the Fourth Circuit determined that the utilization by Social Security counsel of out-of-state attorneys for brief-writing assistance was permissible, and that such assistance by nonadmitted Social Security specialists did not constitute the unauthorized practice of law. The Commissioner filed a notice of supplemental authority on August 17, 2011, in which he withdrew any argument that the court should deny EAJA fees on the basis that was performed by a nonadmitted attorney (ECF No. 32). Plaintiff filed a reply on August 29, 2011.

## FACTS

Plaintiff alleges disability because of polycythemia, hearing loss, chronic obstructive pulmonary disease (COPD), and depression. Plaintiff filed applications for disability insurance benefits and social security income on August 23, 2004, alleging disability beginning on November 30, 2003. Plaintiff's claims were denied initially and on reconsideration. Plaintiff requested a hearing before an Administrative Law Judge (ALJ). The ALJ held a hearing on September 25, 2007, at which Plaintiff and a vocational expert testified. By decision issued January 23, 2008, the ALJ determined that Plaintiff has the following severe impairments: polycythemia rubra vera, hearing loss, COPD, cyclothymia, and personality disorder. The ALJ further determined that Plaintiff is capable of performing her past relevant work as a medical laboratory technician or security guard. Accordingly,

the ALJ concluded that Plaintiff is not disabled within the meaning of the Act. The ALJ's findings became the final decision of the Commissioner on January 15, 2009, after the Appeals Council determined that there was no basis for granting Plaintiff's request for review. Plaintiff thereafter brought this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the "final decision" of the Commissioner.

Plaintiff contended that the ALJ erred by (1) failing to properly determine whether Plaintiff's past work lasted long enough for her to become proficient and to compare her limitations with the details of the job; (2) failing to properly evaluate Plaintiff's physical and mental residual functional capacity; and (3) failing to conduct an appropriate evaluation of Plaintiff's credibility. The Magistrate Judge disagreed with each of Plaintiff's grounds for relief, finding instead that substantial evidence supported the ALJ's findings. On de novo review, the court disagreed with the Report and Recommendation in part, as set forth more fully below.

## DISCUSSION

The Commissioner contends that the court should not award attorney's fees under the EAJA because the Commissioner's response was substantially justified. See 28. U.S.C. § 2412(d)(1)(A) (providing for an award of fees, expenses, and costs incurred by a prevailing party in a civil action brought against the United States "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."). A position taken by the Commissioner is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 422, 565 (1988).

A.  Past Relevant Work

Plaintiff contends that, because she worked at her past job as medical lab technician for only three months, the job did not qualify as past relevant work for purposes of determining her entitlement to disability benefits. As the Magistrate Judge properly noted, past relevant work is substantial gainful activity that lasts long enough for the claimant to learn to do it. See 20 C.F.R. § 401.1560.(b)(1). The Commissioner argued that Plaintiff holds a two-year college degree in medical laboratory technology and professional certification in medical laboratory technology, which can comprise the requisite vocational training to do the job. The Magistrate Judge agreed with the Commissioner, and determined that the ALJ appropriately characterized Plaintiff's employment as medical laboratory technician as past relevant work.

On review, the court agreed that vocational education can include vocational training, but noted that the ALJ never explained the basis for her finding that Plaintiff's former job as a medical laboratory technician was past relevant work. Therefore, the court remanded the case for further explanation of the reasons behind the ALJ's finding that Plaintiff has past relevant work as a medical laboratory technician.

The Commissioner contends that he was "substantially justified" in advancing the position that Plaintiff has past relevant work as a medical laboratory technician based on her associate degree and professional certification. The court finds that the Commissioner's position is justified to a degree that could satisfy a reasonable person.

B.  Hypotheticals to Vocational Expert

Plaintiff asserts that the hypothetical presented to the Vocational Expert failed to include the need to avoid excessive noise. The Magistrate Judge noted that Plaintiff's hearing loss was well

4

documented in the record, and that the ALJ included a restriction in the hypothetical that Plaintiff suffers from "moderately severe to severe sensory neural hearing loss with speech discrimination 80 percent in the right ear, 45 percent in the left." Tr. 285. In addition, the ALJ instructed the Vocational Expert that Plaintiff needed to avoid "dangerous environments so that, you know, she could take care to protect herself if she couldn't hear it. If there was [*sic*] vehicles coming along and, you know, things out of control so that people had to hear things and get out of the way, that wouldn't be appropriate for her, okay." Tr. 286. Based on these statements, the Magistrate Judge determined that the ALJ's questions to the Vocational Expert fairly set forth Plaintiff's hearing issues.

On de novo review, the court disagreed with the Magistrate Judge. The court determined that the ALJ's hypotheticals did not address Plaintiff's need to avoid excessive noise. The court noted that the evidence supports a finding that excessive noise contributes to Plaintiff's inability to discriminate between sounds, which could prevent Plaintiff from hearing warnings, such as fire alarms. The court concluded that the ALJ failed to properly incorporate this limitation in the hypotheticals put to the Vocational Expert. Therefore, the court remanded to allow the ALJ to craft a proper hypothetical for consideration by a Vocational Expert.

The Commissioner contends it was reasonable for him to defend of the case in spite of the ALJ's failure to include the need to avoid excessive noise in the hypothetical question to the vocational expert. The court finds that the Commissioner's position as to this issue is justified to a degree that could satisfy a reasonable person.[1]

---

[1] As to Plaintiff's remaining objections, the court found the ALJ's failure to comply with SSR 82-62 and SSR 00-4p was harmless error, and that the ALJ's opinions regarding Plaintiff's mental residual functional capacity and credibility were supported by substantial evidence.

CONCLUSION

The court concludes that the Commissioner's position in defending the case to be substantially justified. Accordingly, IT IS ORDERED that Plaintiff's motion for fees under the EAJA (ECF No. 25) be **denied**.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

January 9, 2012.